The opinion of the court was delivered by
Fenner, J.
We are confronted with a challenge to our jurisdiction ratione materias over this appeal, which we are bound to determine.
The facts are simple and undisputed.
The Harmony Club had upon its premises, furnished by the Gas Light Company, what is called a “ 45-light meter,” adequate to the supply and registry of all its gas burners. In common with many other gas consumers, it adopted the system of electric lighting, and its use of gas became only occasional and greatly reduced.
The Gas Company adopted certain rules applicable to this class of consumers, the meaning and effect of which are, that it would .only furnish meters proportioned in size- to the amount of gas consumed; that a “45-light meter” would only be supplied, or continued, when the monthly gas bill was at least $8 per month, or, if less, upon the payment of an extra rental of $4 per month.
A copy of these rules was served upon the club, and notice was given that unless complied with its meter would be removed and replaced by a smaller one.
The club, being unwilling to comply and denying the right of the Gas Company to adopt or enforce such rules, instituted this suit for an injunction, prohibiting the latter from removing or interfering with the meter then upon its premises.
*454 The Gas Company responds, affirming its right to adopt and enforce the rules in question.
This is the sole issue involved in the case.
If it should be determined that the Gas Company has the right to adopt and enforce the rules, the injunction necessarily falls. If, per ■contra, it has no such right, the injunction stands.
What is the amount or pecuniary value involved in such a suit?
It is not pretended that the Gas Company will interfere with the meter if the club consumes gas to the amount of $8 per month, or if, consuming less, it pays $4 additional for the rent of the meter.
It is not denied that the club is bound to pay for the amount of gas, large or small, actually consumed by it.
Therefore the only value possibly involved is the right of the company in a certain contingency to charge $4 per month for the use of its meter, or $48 per annum.
If this were a right in perpetuo, it would be difficult to find an invester who would pay $2000 for the privilege of collecting $48 per annum.
But, in point of fact, the Gas Company’s charter expires in thirty-five years, and a simple calculation would show ¡that, if collected •during that period, the gross amount would not exceed $1700.
Moreover, the club is not the owner of the building, but a lessee, and is only interested during the term of its lease, the extent of which is not shown, but is, presumably, limited.
We are not concerned with the damages which the club might have suffered had its gas supply been cut off or diminished, as threatened. No such damages have accrued or will accrue. If the injunction herein be perpetuated, that will prevent such injury. If it be dissolved, the act of the Gas Company will be declared lawful •and no such claims can arise.
We have repeatedly held that the jurisdiction of this court must be tested in such cases by the pecuniary amount or value in dispute, according to the nature of the action as disclosed by the substantial allegations of the pleadings, and not by the mere jurisdictional allegations or affidavits of the parties. Buddig vs. Baldwin, 88 An. 894; State ex rel. vs. Miscar, 34 An. 834; Wilkins vs. Gantt, 32 An. 929; Crean’s Case, Id., 1191.
Most of the eases quoted by appellant only concern the right to sue and to enjoin, neither of which rights are controverted here.
*455 We decline to follow him into the records in the cases of Callery vs. Waterworks Co., 35 An. 799; Levy vs. Same, 36 An. 942, and Ernest vs. Same, 39 An. 551, in order to determine whether or not we had jurisdiction in those cases. The opinions show that no such question was raised or passed upon. Had it been, we should have applied to them the same rules now stated. If, inadvertently and in absence of suggestion to that effect, ye exercised jurisdiction which we should have declined (which we by no means admit) such error neither harms nor benefits the plaintiff here, whose right must be decided according to law.
It is therefore ordered that this appeal be dismissed at appellant’s cost.